Richard I. RUBIN
v.
EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES.
Civ. A. No. 17847.

United States District Court
E. D. Pennsylvania.
May 17, 1961.

Samuel Kagle, Philadelphia, Pa., for plaintiff.

David F. Maxwell, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This is a diversity action by which plaintiff seeks to collect compensation for services allegedly rendered to defendant, a large insurance company and a potential purchaser of the valuable Manufacturers' and Bankers' Club building at Broad and Walnut Streets in Philadelphia. At one time plaintiff had been an employee of Alfred M. Greenfield & Co., a real estate firm. He left the Greenfield firm and became an insurance salesman for defendant. The owners of the building employed the Greenfield firm to procure a purchaser of its club building. The Greenfield firm had no success, but realizing that defendant was a prospective purchaser it asked plaintiff, its former employee, to attempt to persuade defendant to purchase the building.

Plaintiff made a substantial effort to persuade defendant, his employer, to purchase the building, but after a thorough study of the situation defendant decided not to buy it. Plaintiff's action to recover from defendant is based upon the theory that he is entitled to collect from defendant for the fair value of the services which he performed in attempting to get defendant to purchase the club building.

Plaintiff is not entitled to collect compensation from defendant. He was employed in this real estate matter, if at all, by Alfred M. Greenfield & Co. to help it in its effort to sell the property, and had he succeeded in persuading defendant to buy the property he probably would have been entitled to collect compensation from Greenfield by sharing in the sale commission. If defendant had employed plaintiff to negotiate with the owners to make a purchase for defendant and if plaintiff had accomplished this he would be entitled to reasonable compensation for what he had done for defendant, but defendant did not employ plaintiff to do anything for it with respect to the real estate. After the Greenfield firm got in touch with him, it was plaintiff who acted for Greenfield and the owners. Plaintiff engaged in protracted negotiations with defendant's officers including its president and he succeeded in bringing the price of the building down to one million dollars, which at one time appeared to be the amount defendant would be willing to pay for the property. But in all his negotiation work plaintiff was working for the Greenfield firm and/or through it the owner of the building. At no time was he employed by or was he working for defendant with respect to the real estate. Consequently, he is not entitled to compensation from defendant.

Plaintiff contends that he is entitled to compensation because he got the parties together (he contends) at the price the buyer was willing to pay and at which the owner was willing to sell and that, therefore, he performed a valuable service for defendant for which he should be compensated. It is true that the owner brought down the price to one million dollars and that defendant was much interested in the property at that price.

Indeed, at one time one of defendant's vice presidents wrote to plaintiff:

"If you can get a written proposal to sell the building for one million dollars, I am sure that it will have favorable consideration here at that price, but we are not interested in discussing a price in excess of that."

This is the closest defendant came to offering to buy the property, but it did not amount to a commitment. It is clear from the by-laws of defendant corporation that no vice president alone, and no other officer alone, had the right to commit defendant to the purchase of real estate. Defendant corporation could be committed to the purchase of real estate only after action by its Board of Directors after approval by defendant's real estate committee. It turned out that defendant's vice president was incorrect in his estimate of what the defendant would do about the purchase of the building. The directors, as they had a right to do, decided not to purchase the building. Plaintiff never got the parties together in an agreement for the sale of the building. He performed no valuable service for defendant for which he should be paid.

The case was tried by the court without a jury. At the conclusion of the trial the judge entered a general verdict in favor of the defendant. Plaintiff has filed motions (1) to set aside the verdict and judgment, (2) for additional findings of fact and conclusions of law, and (3) for a new trial.

The motion to set aside the verdict is based upon the court's alleged failure to file specific findings of fact and conclusions of law. This motion must be denied because the court did make and file specific findings of fact and conclusions of law. Besides, during the course of the trial counsel for both sides agreed that at the conclusion of the trial the trial judge could enter a general verdict, and they waived their right to specific findings of fact and conclusions of law.

The motion by plaintiff for additional findings of fact and conclusions of law also must be denied for the reason that the suggested additional findings and conclusions could be inconsistent with the correct findings and conclusions which were filed shortly after the trial.

Likewise there is no good reason to grant plaintiff's motion for a new trial. It also will be denied.